FILED 30 DEC '11 13:44 USDC-ORP

**CATHERINE A. HIGHET**, OSB #071306
cathy@portlandlawcollective.com
Portland Law Collective LLP
1130 SW Morrison Street, Suite 407
Portland, OR 97205
Tel: 503-228-1889
Fax: 503-223-4518

**D. MICHAEL DALE**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Tel: (503) 357-8290
Fax: (503) 946-3089

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JUAN CARDENAS-LOPEZ<br><br>                     Plaintiffs,<br><br>   v.<br><br>MING FA SUPPLIES, INC. d/b/a<br>QUALITY HOME BUILDING SUPPLIES<br>and ALICE LIM<br><br>                 Defendants. | Civil No. **CV '11 - 1 5 6 1 - AC**<br><br>COMPLAINT<br><br>(Fair Labor Standards Act, 29 U.S.C. § 207; Oregon Overtime, ORS 653.261; Oregon Final Paycheck, ORS 652.140; Oregon Wage Claim, ORS 652.200; FLSA Retaliation 29 U.S.C. §215(a)(3); Oregon Overtime Retaliation, ORS 653.060)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

///

///

1    COMPLAINT

## INTRODUCTION

### 1

This claim arises from the non-payment of overtime premiums and other wages by defendants and their retaliation against plaintiff for complaining about this non-payment. Plaintiff alleges federal and Oregon overtime claims, Oregon final paycheck penalties, and Oregon wage claims.  He also alleges retaliation claims under the FLSA and ORS Chapter 653.

## JURISDICTION AND VENUE

### 2

This court has original subject matter jurisdiction over the First and Sixth Claim of this action as they arise under 29 U.S.C. § 216.  This court also has jurisdiction under 28 U.S.C. § 1337 for claims arising under a federal statute regulating commerce.

### 3

This court has supplemental jurisdiction over the remaining Claims of this action under 28 U.S.C. § 1367(a) because they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution.

### 4

This court has personal jurisdiction over defendant Ming Fa Supplies, Inc., as it is a corporation created under the laws of Oregon and doing business in Oregon.  In addition, the acts underlying this claim occurred in Oregon.

///

///

5

Venue is appropriate in Oregon because defendant Ming Fa Supplies, Inc. is an Oregon corporation and the events at issue occurred in Oregon.

## PARTIES

6

Defendant Ming Fa Supplies, Inc. is an Oregon corporation doing business under the name Quality Home Building Supplies. Defendant sells, delivers, and installs goods including countertops, cabinets, floors, and sinks.

7

Defendant Alice Lim is the President and Secretary of defendant Ming Fa. In this capacity, she managed the employment of the plaintiff on behalf of Ming Fa. Ms. Lim is also an owner of Ming Fa.

8

Plaintiff Juan Cardenas Lopez worked for defendants delivering and installing the products described above.

## GENERAL ALLEGATIONS

9

Plaintiff worked for defendants cutting, delivering and installing granite countertops and other products beginning in late 2006 and ending July 1, 2011.

10

Plaintiff's regular hourly wage was $13.00 for the three years prior to the filing of this Complaint.

11

Plaintiff recorded on a calendar the time he began and ended work each day.   He reported these times to defendants regularly.

12

Plaintiff regularly worked more than forty hours each week.  Defendants paid plaintiff at his regular hourly rate without any overtime premium for the time worked in excess of forty hours per week.

13

Defendants characterized only the first forty hours per week of plaintiff's work as employment income.  The remainder of plaintiff's work defendants characterized as independent contractor payments.  Defendants generally paid for this overtime work in cash or by means of a customer check.  Defendants paid it at plaintiff's regular hourly rate without any overtime premium.

14

Defendants acted willfully in that they mischaracterized plaintiff's employment income as independent contractor income to avoid paying required overtime premiums.  Defendants also acted willfully in that they paid plaintiff using cash or customer checks to avoid paying required overtime premiums.  Defendants further acted willfully in that they knew plaintiff worked more than forty hours per week but chose not to pay him overtime for the time over forty hours.

4    COMPLAINT

Moreover, defendants acted willfully in that they retaliated against plaintiff for complaining about their failure to pay overtime, as described below.

15

On or about June 30, 2011, plaintiff and defendant Alice Lim discussed the question of whether plaintiff would receive overtime pay. Plaintiff stated that he wanted to receive overtime. Defendant Alice Lim stated that she would pay plaintiff overtime.

16

On or about July 1, defendants gave plaintiff his next paycheck, which was for work performed in June. Defendants had for the first time included overtime in the paycheck. However, they had also paid only $9 per hour for plaintiff's regular time work and $13.50 for overtime.

17

Defendants reduced plaintiff's pay in retaliation for his demand that they pay him overtime.

18

Plaintiff's regular hourly rate was $13 per hour, not $9 per hour. Defendants provided no notice to plaintiff prior to giving him the paycheck of any intent to reduce his hourly rate.

19

Rather than accept defendants' retaliation and a substantially reduced hourly rate for the same work, plaintiff resigned his position. The last day plaintiff performed work for defendants was July 1, 2011.

20

Plaintiff has made reasonable efforts to locate replacement employment. He has located and accepted replacement employment, but he is not making as much money as he did before.

21

Plaintiff provided written notice that defendants had not paid him all wages owing on November 28, 2011. On December 15, plaintiff reiterated his warning that he would take legal action if his wages were not paid.

22

To date, defendants have not paid the wages at issue.


### FIRST CLAIM FOR RELIEF

### (Fair Labor Standards Act – 29 U.S.C. § 207)

23

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 as though set forth fully herein.

24

Defendants are engaged in interstate commerce and are covered employers under the Fair Labor Standards Act.

25

Defendants suffered or permitted plaintiff to perform the work described above.

///

///

26

Defendants were required to pay plaintiff at the premium rate of one and half times his regular rate of pay for time worked greater than forty hours in one work week under 29 U.S.C. § 207.

27

Defendants did not pay plaintiff time and a half for hours worked in excess of forty hours per week.

28

Defendants are liable to plaintiff under 29 U.S.C. § 216(b) for unpaid overtime for his work.

29

In the three years prior to the filing of this Complaint, plaintiff earned approximately $14,000 in unpaid overtime. Plaintiff may seek leave of the court to amend his Complaint to reflect additional losses.

30

Under 29 U.S.C. § 216(b), defendants are further liable to plaintiff for liquidated damages in an amount equal to his unpaid overtime, or $14,000. Plaintiff may seek leave of the court to amend his Complaint to reflect additional losses.

31

Plaintiff is entitled to an award of reasonable attorney fees and costs under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### (Oregon Overtime – ORS 653.261)

32

Plaintiff hereby realleges and incorporates paragraphs 1 through 31 as though set forth fully herein.

33

Defendants employed plaintiff for the work described above without paying overtime required by ORS 653.261 and OAR 839-020-0030.

34

In the two years prior to the filing of this Complaint, plaintiff earned unpaid overtime of approximately $10,500. Plaintiff may seek leave of the court to amend his Complaint to reflect additional losses.

35

Under ORS 653.055 and 652.150, defendants are further liable to plaintiff for statutory penalties equal to eight hours work per day at plaintiff's regular hourly rate for a period of thirty days. Defendants are thus liable to plaintiff for an additional $3,120.

36

Plaintiff is entitled to reasonable attorney fees and costs under ORS 653.055.

37

Under ORS 82.010, plaintiff is entitled to statutory pre-judgment interest at the rate of 9% from the date of each payment was due.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

#### 38

Plaintiff hereby realleges and incorporates paragraphs 1 through 37 as though set forth fully herein.

#### 39

Plaintiff and defendants agreed that plaintiff's regular hourly rate would be $13 per hour. Defendants gave plaintiff no notice prior to July 1, 2011 of any desire to reduce this rate.

#### 40

Defendants breached their contract with plaintiff by paying him only $9 per hour for his work in June of 2011 and on July 1, 2011.

#### 41

As a result of defendants' breach of contract, plaintiff suffered economic damages of approximately $1,416.89 in lost wages.

#### 42

Under ORS 82.010, plaintiff is entitled to statutory pre-judgment interest at the rate of 9% from the date of each payment was due.

///

///

///

///

///

9    COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (Final Paycheck – ORS 652.140)

43

Plaintiff hereby realleges and incorporates paragraphs 1 through 42 as though set forth fully herein.

44

Defendants' employment of plaintiff ended July 1, 2011.

45

Defendants willfully failed to pay plaintiff all wages he had earned within the time required by ORS 652.140 or 30 days thereafter.

46

Under ORS 652.150, defendants are liable to plaintiff for statutory penalties equal to eight hours work per day at plaintiff's regular hourly rate for a period of thirty days. Defendants are liable to plaintiff for $3,120.

47

Plaintiff is entitled to reasonable attorney fees and costs under ORS 652.200.

48

Under ORS 82.010, plaintiff is entitled to statutory pre-judgment interest at the rate of 9% from the date of each payment was due.

///

///

///

10    COMPLAINT

## FIFTH CLAIM FOR RELIEF

### (Oregon Wage Claim – ORS 652.200)

49

Plaintiff hereby realleges and incorporates paragraphs 1 through 48 as though set forth fully herein.

50

All of the claims described above are also wage claims under ORS 652.200.

51

Defendants failed to pay the wages described above within 48 hours of when they became due and payable. Therefore, defendant is entitled to pursue a wage claim to recover them under ORS 652.200.

52

Plaintiff is entitled to reasonable attorney fees and costs under ORS 652.200.

53

Plaintiff is entitled to statutory pre-judgment interest at the rate of 9% from the date of each payment was due.


## SIXTH CLAIM FOR RELIEF

### (FLSA Retaliation Claim – 29 U.S.C. §215(a)(3))

54

Plaintiff hereby realleges and incorporates paragraphs 1 through 53 as though set forth fully herein.


11    COMPLAINT

55

Defendants are engaged in interstate commerce and are covered employers under the Fair Labor Standards Act.

56

Plaintiff made an oral complaint that a reasonable employer would understand to put the employer on notice that plaintiff was asserting his right to overtime pay.

57

Defendants substantially reduced plaintiff's pay, and they purported to do so retroactively. They did these things because of his complaint.

58

Defendants' retaliation created working conditions so intolerable that a reasonable person in the plaintiff's position would feel compelled to resign. Therefore plaintiff resigned.

59

To date, defendants' retaliation has caused plaintiff approximately $12,000 in economic damages. Plaintiff's losses continue to accrue at the rate of approximately $370 per week. Plaintiff may seek leave of the court to amend his Complaint to reflect additional losses.

60

Additional remedies, including but not limited to liquidated damages, punitive damages, restoration of plaintiff's original terms of employment and/or front pay would effectuate the purposes of 29 U.S.C. § 215(a)(3) and should therefore be awarded by the court.

///

///

61

Plaintiff is entitled to an award of reasonable attorney fees and costs under 29 U.S.C.
§ 216(b).


## SEVENTH CLAIM FOR RELIEF

### (Oregon Overtime Retaliation Claim – ORS 653.030)

62

Plaintiff hereby realleges and incorporates paragraphs 1 through 61 as though set forth
fully herein.

63

Plaintiff made an oral complaint that a reasonable employer would understand to put the
employer on notice that plaintiff was asserting his right to overtime pay.

64

Defendants substantially and purportedly retroactively reduced plaintiff's pay.  They did
these things because of his complaint.

65

The defendants intentionally created intolerable working conditions by retaliating against
plaintiff.  They knew that the plaintiff would quit because of the intolerable working conditions.

66

To date, defendants' retaliation has caused plaintiff approximately $12,000 in economic
damages.  Plaintiff's losses continue to accrue at the rate of approximately $370 per week.
Plaintiff may seek leave of the court to amend his Complaint to reflect additional losses.


13    COMPLAINT

67

Plaintiff is entitled to an award of reasonable attorney fees and costs under ORS 659A.885.

68

Under ORS 82.010, plaintiff is entitled to statutory pre-judgment interest at the rate of 9% from the date of each payment was due.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays for relief as follows:

1) An award of damages in an amount to be determined by the court, including an estimated $26,000 to date and $370 per week between now and the date the court enters judgment;

2) An award of liquidated damages in an amount to be determined by the court, including an estimated $26,000 to date and $370 per week between now and the date the court enters judgment;

3) An award of statutory penalties totaling $6,240;

4) Injunctive relief and/or front pay in an amount to be determined by the court;

5) An award of punitive damages in an amount to be determined by the court;

6) Prejudgment interest on damages from the date each payment became due;

7) An award of costs and attorney fees against all defendants;

8) Any and all other relief deemed just and due to the full extent permitted under controlling law; and

14    COMPLAINT

9) For any damages not timely paid, an award of post-judgment interest at the applicable statutory rate.

DATED this ___30th___ day of December, 2011.

Respectfully submitted,

PORTLAND LAW COLLECTIVE, LLP


_____

**CATHERINE A. HIGHET**, OSB #071306
cathy@portlandlawcollective.com
Portland Law Collective, LLP
1130 SW Morrison St., Suite 407
Portland, OR 97205
Tel: (503) 228-1889
Fax: 503-223-4518


LAW OFFICE OF D. MICHAEL DALE


_____

**D. MICHAEL DALE**, OSB 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, Oregon 97113
Tel: 503 357-8290
Fax: 503 946-3089
Of Attorneys for Plaintiff